Rodolfo **MORLETT,** Appellant,

v.

**STATE** of Texas, Appellee.

No. 13–82–308–CR.

Court of Appeals of Texas, Corpus Christi.

July 15, 1983.

James Lawrence, Corpus Christi, for appellant.

Grant Jones, Dist. Atty. Office, Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

KENNEDY, Justice.

Appellant was convicted by a jury of the offense of tampering with a witness. His punishment, enhanced by two prior felony convictions, was assessed at confinement for life. We affirm.

The State offered evidence to prove that, prior to his indictment for the instant offense, appellant was tried for murder. One of the State's witnesses against appellant in that trial was Rodolfo Herrera. In the trial of the cause now before us Herrera testified that prior to the murder trial appellant phoned him at least three times and said (in Herrera's words) "... I better not say anything in the trial, you know, say that if—I mean that if he didn't want it to have a bad grudge on me or something like that, you know." He further testified that when he (Herrera) entered the courtroom to testify appellant made two silent gestures to him. The first was to place a finger over his lips and the second was to make a fist. Herrera interpreted these gestures to indicate a threat. He then proceeded to retract a statement he had earlier given to the prosecutor and refused to implicate appellant in the murder. The trial resulted in an instructed verdict of not guilty.

■ Appellant's first ground of error is based upon the claimed variance between the indictment which calls Herrera a "witness" and the proof which, appellant claims, shows Herrera to be a "prospective witness". The basis for the claim that Herrera was a prospective witness is that the telephoned threats occurred before Herrera re-

ceived "a little piece of paper" telling him to be at the trial.[1]

First, we decline to join appellant in his overly narrow definition of "witness" and "prospective witness". We construe the terms to be virtually interchangeable and to have been used collectively in the statute to cover the broad spectrum of all persons who pose a threat to a criminal defendant because of what they know.

In addition, as noted earlier, there were several threats made, one being a series of phone calls several weeks before the trial and the other being the gestures made when Herrera entered the courtroom. If Herrera wasn't a witness in his home when he received the phone calls, he certainly was a witness when he entered the courtroom.

Appellant's reliance upon *Jones v. State*, 628 S.W.2d 51 (Tex.Cr.App.1980) is misplaced. There the Court of Criminal Appeals defined "witness" to mean "one who has testified in an official proceeding". *Jones*, supra at 55. In *Jones*, the Court had under consideration Tex.Penal Code Ann. Sec. 36.06 (Vernon 1974) entitled "Retaliation". By its very terms this section deals with persons who retaliate against others for acts already performed. We are here dealing with Tex.Penal Code Ann. Sec. 36.-05 (Vernon 1974) entitled "Tampering with Witness".

Appellant's first ground of error is overruled.

■ The second ground of error alleges a fundamental defect in the indictment in that it charges that appellant "... did ... coerce Rudolfo Herrera ..." without specifying how he coerced him. It is pointed out by appellant that Tex.Penal Code Ann. Sec. 36.01 (Vernon 1982) lists six methods of coercion. No motion to quash the indictment was filed in the trial court.

This ground of error is controlled by *Ferguson v. State*, 622 S.W.2d 846 (Tex.Cr.App. 1980). There the indictment alleged merely delivery of a controlled substance. The section of the Penal Code which condemns

such conduct lists three separate methods of delivery. The conviction was reversed because in *Ferguson* a motion to quash had been filed asserting that the allegations in the indictment were insufficient to put the defendant on notice as to what type of delivery the State had relied upon. The motion to quash was overruled. The Court of Criminal Appeals reversed holding that Ferguson "by a motion or exception may insist on 'a specific allegation of what the State may rely upon to convict'". On rehearing the Court further held that "even though an act or omission by a defendant is statutorily defined, if that definition provides for more than one manner or means to commit that act or omission, then upon timely request, the State must allege the particular manner or means it seeks to establish." *Ferguson*, supra at 851. In other words, the failure of the indictment to specify which of several alternative methods it charges a defendant with using will not result in a reversal unless a timely motion to quash is overruled.

If appellant in the case before us had moved to quash the indictment in the trial court based upon the theory which is the basis for this ground of error he would have been entitled to a more specific pleading by the State and, failing to receive that, to a reversal. However, he filed no such motion and no error was committed by the trial court. As stated in *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex.Cr.App. 1974), "only if the defect be of such a degree as to charge no offense against the law, and therefore be void, will the exception to the substance be considered for the first time on appeal under Art. 27.08(1) V.A.C.C.P." The indictment before us tracks the statute and charges an offense against the law. The ground of error is overruled.

■ The third ground of error complains of the action of the trial judge in altering the charge to the jury on punishment after the verdict had been reached.

---

1. The record further shows that Herrera had been subpoenaed long before he had received the little piece of paper.

Actually the alteration was made on the forms of verdict page attached to the charge. Due to an error the first of three alternate verdict forms read as follows (in pertinent part):

"WE, the Jury, having found the defendant, Rodolfo Morlett, guilty of tampering with a witness, as charged in the indictment, further find from the evidence beyond a reasonable doubt that he was, prior to the commission of the aforesaid offense of *murder,* two times duly and legally convicted of a felony, ..." (Emphasis Added.)

This was the alternate form used by the jury to return its verdict. After the jury was seated in the courtroom the judge began to read from this verdict form, however, when he realized the error he did not complete his reading but, rather, returned the jurors to their deliberating room and recessed the trial. Over the objection of appellant the judge corrected the verdict form by deleting the words "of murder" and instructed the jury to continue their deliberation. He also explained the correction to the jurors and specifically instructed them that appellant had never been convicted of murder.

Tex.Code Crim.Pro.Ann. 36.16 (Vernon 1981) cited by appellant, provides, in part:

"After the argument begins no further charge shall be given to the jury unless required by the improper argument of counsel or the request of the jury, or unless the judge shall, in his discretion, permit the introduction of the testimony, ...."

In the case before us the court did not give an additional charge to the jury. First, the action was to make a correction by way of a deletion of words. Secondly, this correction was made upon the forms of verdict page which is, by its very nature, a statement by the jury to the judge and not from the judge to the jury.

In *Bustillos v. State,* 464 S.W.2d 118 (Tex. Cr.App.1971) it was held that the court could, *before verdict,* withdraw and correct its charge if convinced that a erroneous charge had been given. (Emphasis Sup-

plied). The judge in our case interrupted his reading of the verdict before he had completed it and returned the jurors to their deliberating room. He then corrected the verdict form and instructed the jury to

"considered the verdict—all three verdict forms, and you will consider the amended verdict form being the first verdict form, as well as the other two verdict forms. You will consider all of the evidence, and all the arguments you've heard on all of these matters."

We hold that this correction occurred before the verdict. Appellant's third ground of error is overruled.

■ The final ground of error alleges the evidence to be insufficient to support a verdict. It is argued that there was no evidence that the fear which Herrera experienced which caused him to change his testimony was generated by anything appellant said or did. In addressing an insufficiency of the evidence ground we will view the evidence in the light most favorable to the verdict. *Bowers v. State,* 570 S.W.2d 929 (Tex.Cr.App.1978); *Ransonette v. State,* 550 S.W.2d 36 (Tex.Cr.App.1976).

■ First we note that appellant telephoned Herrera on at least three separate occasions to ask him not to testify against him. The conversations were in Spanish and, for the jury's benefit, Herrera stated that he understood the Spanish words used to mean that "I *better not* say anything in the trial ... if he didn't want it to have a bad grudge on me ..." (Emphasis Supplied). During one of the conversations appellant mentioned another witness and told Herrera that this witness "... better not show up to court, because if he did talk he was going to beat him up". In addition, when Herrera entered the courtroom appellant made the two gestures mentioned earlier, one denoting silence and the other denoting violence. We hold the foregoing to be sufficient to show coercion of the witness which is one of the means listed in Tex.Penal Code Ann. Sec. 36.05 (Vernon 1974) as constituting tampering with a witness. This final ground of error is over-

ruled and the judgment of the trial court is AFFIRMED.