Rodolfo MORLETT,
Petitioner–Appellant,

v.

James A. LYNAUGH, Director, Texas
Department of Corrections,
Respondent–Appellee.

No. 87–2014.

United States Court of Appeals,
Fifth Circuit.

Aug. 16, 1988.

David R. Gutierrez, Corpus Christi, Tex. (court-appointed), for petitioner-appellant.

David B. Fannin, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellee.

Before GARWOOD and JONES, Circuit Judges, and HITTNER *, District Judge.

HITTNER, District Judge:

Petitioner–Appellant Rodolfo Morlett, a state prisoner in the Texas Department of Corrections who was convicted of tampering with a witness and sentenced to life imprisonment, appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

## FACTS AND PROCEDURAL HISTORY

Prior to Morlett's indictment for tampering with a witness, a Texas state court tried him for murder. The State's primary witness against Morlett was Rodolfo Herrera. Prior to trial, Herrera received several threatening phone calls from Morlett, and, at trial, when Herrera entered the courtroom to testify, Morlett made two silent gestures that Herrera interpreted to be threats. Because Herrera was afraid that he "might get killed or something," he refused to implicate Morlett and recanted his earlier statements to the police that Morlett had committed the murder. Without Herrera's testimony, the State was unable to prove its case, and the trial judge consequently entered an instructed verdict of not guilty.

A grand jury subsequently indicted Morlett for tampering with a witness pursuant to Tex.Penal Code Ann. § 36.05 (Vernon 1974). Morlett pleaded not guilty to the offense, was tried to a jury, and on September 16, 1982, was found guilty. The court sentenced Morlett, after enhancement for two prior felony convictions, to life imprisonment. The Thirteenth Court of Appeals affirmed Morlett's conviction, *Morlett v. State*, 656 S.W.2d 603 (Tex.App.—Corpus Christi 1983, no writ), and the Texas Court of Criminal Appeals denied Morlett's single state application for writ of habeas corpus in March, 1985, without written order. Having exhausted his state habeas remedies, Morlett filed a petition in federal dis-

---

* District Judge of the Southern District of Texas, sitting by designation.

trict court seeking habeas relief. The United States' Magistrate found Morlett's claims to be without merit and recommended that relief be denied. The district court adopted the magistrate's recommendation, and this appeal followed.

In his federal habeas petition, Morlett raised four issues: (1) the indictment was fundamentally defective and should have been dismissed; (2) the trial court erroneously admitted an extraneous offense; (3) Morlett was twice placed in jeopardy for the same offense; and (4) Morlett's counsel was ineffective because his attorney failed to object to the indictment, to file a motion to quash, to object to the display of the weapon, to object to the admission of an extraneous offense, and to protect Morlett from double jeopardy.

## FUNDAMENTALLY DEFECTIVE INDICTMENT

Morlett contends that the indictment charging him with the offense of tampering with a witness was fundamentally defective. Morlett was charged pursuant to Tex.Penal Code Ann. § 36.05 with:

> intentionally and knowingly coerc[ing] Rodolfo Herrera to testify falsely with the intent to influence Rodolfo Herrera, a witness in an official proceeding in Cause No. 82–CR–139B styled the State of Texas v. Rodolfo Morlett.

(Tr. 2.) Morlett argues that because the indictment did not define the method of coercion which he used, it omitted an essential element of the offense and thereby rendered the indictment fundamentally defective. The State asserts that the indictment was not fundamentally defective.

■ "[T]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir.1985) (citing *Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir.1984)). For an indictment to be "fatally defective," no circumstances can exist under which a valid conviction could result from facts provable under the indictment; state law provides

the reference point for determining an indictment's sufficiency. *Johnson v. Estelle*, 704 F.2d 232, 236 (5th Cir.1983), *cert. denied*, 465 U.S. 1009, 104 S.Ct. 1006, 79 L.Ed.2d 237 (1984). Under Texas law, an indictment which tracks the statutory language is legally sufficient to provide notice to the defendant. *Bollman v. State*, 629 S.W.2d 54, 55 (Tex.Crim.App.1982). If the question of the sufficiency of the indictment is presented to the highest state court of appeals, then consideration of the question is foreclosed in federal habeas corpus proceedings. *Liner v. Phelps*, 731 F.2d at 1203.

■ Morlett's indictment tracked the language of the statute. *See* Tex.Penal Code Ann. § 36.05 (Vernon 1974). The Texas Court of Appeals noted that, although such an indictment would have been subject to a pretrial motion to quash, the defect was not of a fundamental nature. *Morlett v. State*, 656 S.W.2d at 605. Moreover, when Morlett raised this same claim in his state habeas corpus application, the Court of Criminal Appeals denied relief, implicitly rejecting the contention that the indictment was fundamentally defective. As the highest state court of appeals has considered the sufficiency of Morlett's indictment and failed to find it fundamentally defective, Morlett is foreclosed from proceeding on these grounds in a federal forum.

## EXTRANEOUS OFFENSE

At the tampering trial, the court allowed evidence concerning the murder to be admitted. According to Morlett, the evidence was inadmissible as the murder charge was an extraneous offense. The State contends that the evidence was admissible and that Morlett's claim is barred by the procedural default doctrine.

■ Texas law allows evidence of extraneous offenses committed by the accused to be admitted to show a common scheme or motive, or to show intent or identity, when either or both are at issue. Tex.R. Crim.Evid. 404(b); *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex.Crim.App.1972); *Hafti v. State*, 416 S.W.2d 824, 825 (Tex.Crim.

App.1967). Evidence may be admitted "on the widely recognized principle that similar but disconnected acts may be shown to establish intent, design, or system"; and the fourteenth amendment leaves a state court free to adopt such a rule of relevance. *Lisenba v. California,* 314 U.S. 219, 227–228, 62 S.Ct. 280, 285–286, 86 L.Ed. 166 (1941). Much of the evidence at issue appears to bear on the damaging knowledge possessed by the witness, Herrera. This evidence was relevant and admissible to show Morlett's motive to tamper with the witness.

■ Even if some of the evidence could be considered irrelevant on the issue of motive, Texas law requires a timely objection to a ruling admitting evidence and failure to object precludes raising the issue on appeal. Tex.R.Crim.Evid. 103(a). Thus, pursuant to the procedural default rule, a failure to timely object to the admission of evidence prevents federal habeas review absent "a showing of cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation." *Wainwright v. Sykes,* 433 U.S. 72, 84, 86–87, 97 S.Ct. 2497, 2505, 2506–2507, 53 L.Ed.2d 594 (1977).

Morlett's counsel objected only once to admission of evidence of the murder offense. Although Morlett argues that the failure to object to the evidence is due to ineffective assistance of counsel, which would be a showing of "cause," Morlett has failed to demonstrate that the admission of the evidence substantially prejudiced his rights. Therefore, Morlett's claim that the evidence was inadmissible is barred by the procedural default doctrine.

## DOUBLE JEOPARDY

■ Morlett complains that his prosecution for tampering with a witness violated the doctrines of double jeopardy and collateral estoppel. Morlett argues that the State attempted to prove at the witness tampering trial that he was in fact guilty of the murder charge. Morlett urges that the State could not relitigate the issue of the murder in the subsequent prosecution for tampering. The State contends that the

doctrines of double jeopardy and collateral estoppel are inapplicable.

The double jeopardy clause protects against a second prosecution for the same offense after either an acquittal or conviction and against multiple punishments for the same offense. *Davis v. Herring,* 800 F.2d 513, 516 (5th Cir.1986) (citing *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)). The principle of collateral estoppel means that an issue of ultimate fact cannot again be litigated between the same parties in any future lawsuit; the principle applies when this ultimate issue has once been determined by a valid and final judgment. *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970); *Showery v. Samaniego,* 814 F.2d 200, 202 (5th Cir.1987).

The charge against Morlett for tampering with a witness stemmed from Morlett's behavior at the murder trial. In order to prove the tampering charge, the State needed only to prove that Morlett intended to coerce Herrera to testify falsely. The State did not have to prove any element of the murder. Therefore, the successive prosecutions did not constitute prosecutions for the "same offense" within the meaning of the double jeopardy clause. Further, the State did not relitigate any issue of ultimate fact in the tampering case which was previously decided in the murder proceeding; therefore, the doctrine of collateral estoppel is inapplicable to the present case.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Morlett contends that the following shortcomings of his trial counsel render his representation ineffective: (1) counsel failed to file a motion to quash the indictment; (2) counsel failed to object to the display of the alleged murder weapon; (3) counsel failed to object to the witness tampering prosecution on double jeopardy grounds; and (4) counsel failed to object to the admission of evidence of an extraneous

offense. The State asserts that Morlett received effective assistance of counsel.

Claims of ineffective assistance of counsel are judged by the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A petitioner must demonstrate both that counsel's performance was deficient and that his deficient performance prejudiced the case. *Id.* at 687, 104 S.Ct. at 2064. Deficient performance is shown by proof that counsel made errors so egregious that he did not satisfy the requirements of "counsel" under the sixth amendment. *Id.* Prejudice is shown by demonstrating that counsel's performance resulted in a trial that was unfair or a trial in which the result is unreliable. *Id.* The court need not address both elements of ineffectiveness if the petitioner makes an insufficient showing on one. *Id.* at 697, 104 S.Ct. at 2069; *Martin v. McCotter*, 796 F.2d 813, 816 (5th Cir.1986), *cert. denied,* ── U.S. ──, 107 S.Ct. 935, 93 L.Ed.2d 985 (1987).

■ Initially, Morlett complains that his counsel was ineffective for failing to move to quash the indictment. If Morlett's counsel had made a timely motion to quash, the State would have been obligated to specifically plead the method of coercion used by Morlett to influence Herrera at the murder trial. *See Morlett v. State*, 656 S.W.2d at 605. As the evidence at trial demonstrated that Morlett used threats to coerce Herrera to testify falsely, the State could simply have reindicted Morlett specifically alleging the manner of coercion. Thus, even assuming counsel's performance was deficient in failing to move to quash, no prejudice has been shown.

■ Next, Morlett asserts that his counsel should have objected to the introduction of the shotgun into evidence at the witness tampering trial. The weapon was apparently introduced to show that Herrera could identify it as the one Morlett had with him on the night of the murder. Therefore, the gun was relevant to show Morlett's motive for tampering with Herrera. As counsel was not remiss in failing to object to its introduction, Morlett has

failed to show ineffective assistance in this matter.

Morlett claims that his counsel also should have objected to the witness tampering prosecution on the basis of double jeopardy. As previously discussed, the double jeopardy claim has no merit, and counsel was not remiss in failing to object on that ground.

■ Finally, Morlett complains that counsel was ineffective for allowing evidence of the murder trial to be introduced into evidence without objection. Some of the evidence was admissible to show motive. Other evidence of the murder may have been inadmissible. It is unnecessary to determine whether counsel's failure to object constituted performance so deficient that he was not functioning as the "counsel" guaranteed Morlett by the sixth amendment. *See Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Morlett has simply failed to show that counsel's performance prejudiced the case. Thus, Morlett has not shown that his counsel was ineffective as to this claim.

Morlett has failed to meet at least one of the elements of the *Strickland* standard on each of his claims of ineffective assistance of counsel. Therefore, Morlett has not shown any ground that rendered his representation ineffective.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of appellant's petition for a writ of habeas corpus.