IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50261
Summary Calendar
_____


ALFRED DAVID PRUSKE, SR.,

Petitioner-Appellant,

versus

WAYNE SCOTT, DIRCTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION;
DAN MORALES, Attorney General,

Respondents-Appellees.

_____

Appeal from the United States District Court for
the Western District of Texas
(SA-94-CA-478)
_____

November 6, 1995
Before REAVLEY, SMITH and PARKER, Circuit Judges.

PER CURIAM:[*]

The district court denied the petition for habeas corpus (28

U.S.C. § 2254) and granted a certificate of probable cause.  The

judgment is affirmed for the following reasons:

---

[*]  Local rule 47.5 provides: "The publication of opinions that have
no precedential value and merely decide particular cases on the
basis of well-settled principles of law imposes needless expense on
the public and burdens on the legal profession."  Pursuant to that
Rule, the Court has determined that this opinion should not be
published.

1. Pruske asserts the trial court erred in failing to grant his motion for new trial for the reason that the indictment is not sufficient. He complains that the indictment alleges only that he solicited an individual to hire a "hit-man" to kill his wife and fails to give him notice of who the hit-man was. There is no contention here that rises to the level of a violation of any constitutional right. Therefore, the claim provides no basis for relief. *See Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir.), *cert. denied*, 502 U.S. 875 (1991).

2. Pruske argues his conviction should be overturned because of a fatal variance between the indictment and the proof upon which he was convicted. He complains of two "fatal variances" -- a different county was proved than what was alleged, and the proof indicated a different individual solicited the "hit-man" than was alleged. The sufficiency of a state indictment is appropriate for federal habeas relief only when the indictment is so deficient that the convicting court was without jurisdiction. *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir.), *cert. denied*, 115 S.Ct. 42 (1994). State law dictates whether a state indictment is sufficient to confer a court with jurisdiction. *Id.*

To comprise an indictment within the definition provided by the Texas Constitution, article V, § 12(b), an indictment must charge a person with the commission of an offense. *Cook v. State*, 902 S.W.2d 471, 477 (Tex. Crim. App. 1995). "[A] charging instrument is not required to allege every element of the offense

2

in order to allege `the commission of the offense' as required by art. V., § 12(b)." *Id.* Therefore, an indictment is not constitutionally void, thus depriving the trial court with jurisdiction, despite the omission of one or more elements of the offense. *Id.* "At a minimum the indictment must be sufficient to give notice of what offense the State is alleging so that the controlling penal provision can be identified." *Fisher v. State*, 887 S.W.2d 49, 55 (Tex. Crim. App. 1994). Under Texas law, the indictment in this case gave sufficient notice of what offense the state was alleging. The convicting court had jurisdiction to hear the case. Therefore, federal habeas relief is not available.

3. Pruske avers the prosecution acted in bad faith by the knowing use of the perjured testimony of Susan Dempsey. For this to amount to a deprivation of due process, Pruske must establish that the prosecution knowingly presented materially false testimony. *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990). Pruske offers no evidence of false testimony or whether the prosecutor knew such testimony was false. He directs our attention to one instance in which Dempsey states that Pruske offered and she accepted money for her assistance in finding someone to kill his wife. While this evidence contradicts the government's evidence, that alone is not sufficient to indicate that she was committing perjury and that the government was aware of that fact. Pruske has failed to establish a deprivation of due process.

4. Pruske argues that his life sentence constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Pruske was convicted of solicitation to commit capital murder and sentenced to life imprisonment. Pruske asserts that his age (50), his lack of past criminal actions, and the absence of evidence that he can be rehabilitated are inconsistent with the sentence imposed. While Pruske was sentenced to the maximum permitted under the law, his offense is not grossly disproportionate to the crime he committed. *See Harmelin v. Michigan*, 111 S.Ct. 2680, 2705 (Kennedy, J. concurring) ("Rather, [the Eighth Amendment] forbids only extreme sentences that are `grossly disproportionate' to the crime."). Pruske consulted with several individuals in an effort to hire someone to murder his wife. He arranged for the murder of his wife and paid the supposed "hit man" when he believed she had been murdered. Pruske's sentence was not grossly disproportionate to his crime.

5. Pruske next argues that his trial counsel provided ineffective assistance of counsel. Specifically, he complains that his counsel failed to move for a change of venue because of pretrial publicity, failed to challenge jurors affected by the pretrial publicity, did not file a motion for change of venue because the offense occurred in Bexar County rather than in Guadalupe County, failed to file a motion to quash the indictment for the same reason, failed to raise the defense of entrapment, failed to investigate Pruske's mental disorders, erroneously struck four qualified jurors, failed to challenge the legality of

4

his arrest, filed a deficient motion for new trial, failed to prepare properly because of counsel's brain tumor, and failed to challenge the credibility of a witness.

To prevail in his claim of ineffectiveness, Pruske bears the burden of showing his counsel was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 104 S.Ct. 2052, 2064 (1984). Failure to establish both prongs of the test defeats an ineffectiveness claim. *Williams*, 16 F.3d at 631. "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 104 S.Ct. at 2065. Our review of the attorney's performance should be conducted without the distortions of hindsight and should focus on counsel's actions at the time they occurred. *Id.* "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" *Id*.

Pruske argues that counsel was ineffective for failing to move for a change of venue when certain jurors informed counsel that they had read or heard about Pruske's case. His cursory argument is based solely upon the comments of a few jurors which remain unnamed. "It is not enough to show that the publicity--as to which no specifics are alleged--could have conceivably affected the jurors." *Smith v. Puckett*, 907 F.2d 581, 585 (5th

5

Cir. 1990), *cert. denied*, 111 S.Ct. 694 (1991). Such a general and conclusory argument does not suffice to present a viable basis for relief.

He further asserts that counsel was ineffective for permitting jurors who were familiar with his case to be seated on the panel. The record indicates, however, that only one seated juror had knowledge of the case, and he indicated only that while he had "read of the indictment in the newspaper," he had not formed an opinion as to Pruske's guilt. The juror also stated that he could be fair and impartial. Pruske has failed to carry his burden of demonstrating ineffectiveness.

Next, he contends that counsel was ineffective for failing to move for a change of venue because the offense occurred in Bexar County rather than in Guadalupe County. Effectiveness of representation is not judged from hindsight. *Strickland*, 104 S.Ct. at 2065. In this instance, counsel's strategy was to win an acquittal for this very reason. Any motion for a change of venue or a motion to quash the indictment because of improper venue would have defeated this trial strategy resulting in a change of venue and not an acquittal. Pruske has not overcome the presumption that counsel's trial strategy was effective.

Pruske also argues that counsel was ineffective for failing to file a motion to quash the indictment. However, such an action would again run counter to defense strategy, that is, seeking an acquittal because the crime did not occur in Guadalupe County. Were counsel to succeed on the motion to quash, Pruske

6

would have been reindicted in Bexar county. Thus Pruske is unable to demonstrate prejudice. *See Morlett v. Lynaugh*, 851 F.2d 1521, 1525 (5th Cir. 1988), *cert. denied*, 109 S.Ct. 1546 (1989).

Pruske argues that counsel should have requested an instruction on the defense of entrapment. In Texas, entrapment is available as a defense only where a law enforcement officer induces the defendant to commit an offense. Tex. Penal Code. § 8.06(a); *Melton v. State*, 713 S.W.2d 107, 112 (Tex. Crim. App. 1986). The district court found that the defense of entrapment was not available to Pruske because there was no evidence offered at trial that a law enforcement officer induced Pruske to commit the offense. Counsel was not ineffective for failing to pursue a meritless defense.

Next Pruske agues that counsel was ineffective for failing to investigate his mental disorders and for failing to pursue an insanity defense. Pruske has offered no evidence that indicates he was insane at the time of the offenses. Counsel was not ineffective for failing to pursue the insanity defense.

During trial, Pruske advised his attorney "that he [was] sick; that he had [been] running a high fever and temperatures; and that he [felt] he need[ed] psychiatric help." When informed of this exchange by counsel, the convicting court denied Pruske's request and noted that "the court has had an opportunity to observe [Pruske] throughout this trial and has noted that [Pruske] has actively participated with counsel in conference and in conversation and in assisting counsel in questioning the

7

witnesses and he appears to the court certainly not to be suffering under any delusion of mental state." Pruske has failed to allege what any additional investigation would have uncovered and how this would alter the outcome of his trial. Pruske has failed to meet the prejudice prong of *Strickland*.

Pruske further alleges his counsel was ineffective for striking four "qualified jurors" from the panel. Trial counsel employed four of his peremptory challenges against members of the venire who would not be reached. The prosecuting attorney and the trial court brought this fact to counsel's attention, but counsel indicated that he had challenged all the jurors he intended in the first thirty-two members of the panel. In essence trial counsel chose not to use four of his available strikes. Pruske concludes his argument with a statement that this was prejudicial. However, mere conclusory statements are not sufficient to overcome the prejudice prong of *Strickland*. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

Pruske also argues counsel was ineffective for failing to challenge the credibility of Susan Dempsey, a prosecution witness. However, the trial record illustrates that counsel extensively cross-examined the witness, pointed out the inconsistency of her testimony, and forced her to admit to false dealings with Pruske. Counsel also provided a witness who testified that her reputation for truth or veracity was "pretty lousy." Pruske has failed to demonstrate that counsel was deficient.

8

Finally Pruske contends that counsel was ineffective for failing to challenge the legality of his arrest, for failing to file supporting affidavits and authorities in his motion for new trial, and for being unprepared due to a brain tumor. Pruske has failed in each of these allegations to set forth sufficient facts or arguments to support his claim. Therefore, he has failed to meet his burden to prove counsel was ineffective.

6. Finally, Pruske asserts that he received ineffective assistance of appellate counsel. Specifically, he asserts that counsel withdrew from the cause without filing a petition for discretionary review with the Texas Court of Criminal Appeals. There is no constitutional right to counsel for discretionary state appeals. *Ross v. Moffitt*, 94 S.Ct. 2437, 2444-2447 (1974). Because there is no constitutional right to such counsel, Pruske cannot be deprived of effective assistance of counsel. *Wainwright v. Torna*, 102 S.Ct. 1300, 1301 (1982).

Affirmed.