**Ex parte Leslie R. COUNTY.**

**No. 59768.**

Court of Criminal Appeals of Texas,
Panel No. 2.

Feb. 21, 1979.

Before ODOM, PHILLIPS and DALLY, JJ.

OPINION

PHILLIPS, Judge.

This a post-conviction application for writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P.

The petitioner complains that the indictments in trial Cause Nos. 74–CR–825 and 75–CR–826 are fundamentally defective and cannot sustain the judgments of conviction entered thereon.

The records before this Court add to the confusion of petitioner's pleadings since reference is often made to both cause numbers. However, there is only one indictment,

judgment, and sentence before us under Cause No. 74–CR–825. We have been advised that there is no case under petitioner's name with a Cause No. 74–CR–826.

The indictment in Cause No. 74–CR–825 recites, in pertinent part:

. . . the Grand Jury of Bexar County, . . ., do present in and to said Court that in the County and State aforesaid, and anterior to the presentment of this indictment, and on or about the 22ND day of FEBRUARY, A.D., 1974, LESLIE R. COUNTY, hereinafter called defendant, did then and there intentionally and knowingly use and exhibit a deadly weapon, namely: A SHOTGUN, to RAMIRO TREVINO, hereinafter called complainant, while the said defendant was in the act of committing theft of property, namely: LAWFUL MONEY OF THE UNITED STATES OF AMERICA, from said complainant, the owner of said property, without the effective consent of the said complainant, and said acts were committed by the said defendant with the intent then and there to obtain and maintain control of the said property: . . .

Both the judgment and sentence in Cause No. 74–CR–825 reflect that the appellant was adjudged guilty and sentenced for the offense of aggravated robbery.

■ It is apparent that the indictment sufficiently alleges the aggravating element of aggravated robbery wherein it alleges the petitioner "did then and there intentionally and knowingly use and exhibit a deadly weapon, namely: a shotgun, . . ." However, this indictment fails to allege a robbery, a necessary precondition to a conviction for aggravated robbery, in that it fails to allege that the petitioner "intentionally, knowingly, or recklessly cause[d] bodily injury to another" [V.T.C.A., Penal Code, Section 29.02(a)(1)] or "intentionally or knowingly threaten[ed] or place[d] another in fear of imminent bodily injury or death" [V.T.C.A., Penal Code, Section 29.02(a)(2)].

■ The elements of aggravated robbery are (1) a person (2) in the course of committing theft (3) with the intent to obtain or maintain control of property either (4a) intentionally, knowingly or recklessly (5a) causes bodily injury or (4b) knowingly or intentionally (5b) threatens or places another in fear of imminent bodily injury or death *and* either (6a) causes serious bodily injury to another or (6b) uses or exhibits a deadly weapon. See Branch's Ann.Penal Code, 3rd Edition, Sections 29.02 and 29.03, Pages 305 and 319, respectively; Morrison and Blackwell, New Penal Code Forms, Section 29.03B, Page 33; *Williams v. State,* 524 S.W.2d 73.

■ The referenced indictment fails to allege an offense under the laws of this State and is therefore void. The trial court never had jurisdiction to entertain petitioner's plea. *American Plant Food Corporation v. State,* Tex.Cr.App., 508 S.W.2d 598; Articles 21.01, 21.03, and 21.11, V.A.C.C.P.

■ Furthermore, it is apparent that fundamentally defective indictments may be challenged by way of a post-conviction application for writ of habeas corpus. See *Standley v. State,* Tex.Cr.App., 517 S.W.2d 538; *Ex parte Jones,* Tex.Cr.App., 542 S.W.2d 179; *Huggins v. State,* Tex.Cr.App., 544 S.W.2d 147; *Ex parte Lewis,* Tex.Cr. App., 544 S.W.2d 430.

The relief requested by petitioner with respect to the judgment of conviction entered on Cause No. 74–CR–825 is hereby granted. The judgment of conviction is reversed and the indictment dismissed.