Ex parte Ruben SANTELLANA.

No. 63512.

Court of Criminal Appeals of Texas, En Banc.

Oct. 15, 1980.

Paul G. Johnson, Sugar Land, for appellant.

John B. Holmes, Jr., Dist. Atty., George McCall Secrest, Jr., Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an application for post–conviction habeas corpus relief under Article 11.07, V.A.C.C.P.

Petitioner alleges the indictment upon which he was convicted of aggravated robbery was fundamentally defective for failure to allege the necessary element of a culpable mental state. See and cf. *Ex parte Winton*, 549 S.W.2d 751 (Tex.Cr.App.1977).

■ And a fundamentally defective indictment may be challenged by way of a post–conviction application for writ of habeas corpus. *Ex parte Lewis*, 544 S.W.2d 430 (Tex.Cr.App.1976).

Omitting the formal parts, the indictment alleges that on or about January 9, 1974, in Harris County, petitioner

"... did then and there while in the course of committing theft of money owned by Susie Oyervides, hereafter styled the complainant, and with intent to obtain and maintain control of the property threaten and place the complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a pistol ...."

V.T.C.A., Penal Code, § 29.02 (Robbery), provides in part:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

"(1) intentionally, knowingly or recklessly causes bodily injury to another; or

"(2) *intentionally or knowingly* threatens or places another in fear of imminent bodily injury or death . . . ." (Emphasis supplied.)

V.T.C.A., Penal Code, § 29.03 (Aggravated Robbery), provides in part:

"(a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:

"(1) causes serious bodily injury to another; or

"(2) uses or exhibits a deadly weapon . . . ."

█ It is a necessary pre–condition to a conviction for aggravated robbery that the indictment allege a robbery. *Ex parte County*, 577 S.W.2d 260 (Tex.Cr.App.1979). The instant indictment attempted to allege robbery under V.T.C.A., Penal Code, § 29.-02(a)(2), and alleged the aggravating element of using and exhibiting a deadly weapon. V.T.C.A., Penal Code, § 29.-03(a)(2). The defect complained of is the failure of the indictment to allege that the threatening and placing the complainant in fear of imminent bodily injury and death was done intentionally or knowingly.

In *Ex parte County*, supra, we held that an indictment which adequately alleged the aggravating element of robbery was fatally defective for failure to allege two of the underlying elements of robbery. It was stated that the elements of aggravated robbery are:

"(1) a person

"(2) in the course of committing theft

"(3) with the intent to obtain or maintain control of property either

"(4a) intentionally, knowingly or recklessly

"(5a) causes bodily injury or

"(4b) knowingly or intentionally

"(5b) threatens or places another in fear of imminent bodily injury or death *and* either

"(6a) causes serious bodily injury to another or

"(6b) uses or exhibits a deadly weapon."

577 S.W.2d at 261 (citations omitted). The indictment therein was found fundamentally defective in its omission of elements (4b)–"knowingly or intentionally," and (5b)–"threatens or places another in fear of imminent bodily injury or death."

The alleged flaw in the instant indictment is one step removed from that in *Ex parte County*. In both cases, the defendant was charged with aggravated robbery under V.T.C.A., Penal Code, §§ 29.02(a)(2) and 29.03(a)(2). However, in the instant case, a "threatening and placing in fear" is alleged, but there is no allegation that petitioner did this intentionally or knowingly. .

The State contends that the defect was cured by the allegation that the appellant had "intent to obtain and maintain control over the property." Our attention is invited to *Teniente v. State*, 533 S.W.2d 805 (Tex.Cr.App.1976), in which it was held that the failure of a burglary indictment to allege expressly a knowing or intentional entry was cured by the allegation that the entry was "with the intent to commit theft."

*Teniente* was in turn cited in *Clark v. State*, 558 S.W.2d 887 (Tex.Cr.App.1977), an indecency with a child case, as authority for upholding the sufficiency of the indictment therein. The indictment charged that the appellant, Clark, "did then and there unlawfully with intent to arouse the sexual desire of the Defendant, have sexual contact by touching the genitals of L——— M——— M———, a child under the age of seventeen years and not his spouse." The court therein, relying on *Teniente*, held that the allegation regarding intent to gratify appellant's sexual desire was sufficient to meet the requirement of V.T.C.A, Penal Code, § 6.02. The analogy drawn was to the "gist" of the offense in question in the two cases. The gist of burglary was held in *Teniente* to be

the entry, and the gist of indecency with a child was held to be the act of sexual contact in *Clark*. Since the alleged intent in each case clearly applied to the act constituting the gist of the offense, the indictments were held sufficient.

A different situation exists, however, in the instant case. While it might be readily apparent what single act constitutes the "gist" of burglary or indecency with a child, the "gist" of aggravated robbery is considerably less simple to determine. Two criminal acts are implicit in the offense of aggravated robbery: a theft, whether attempted, in progress or completed, and an assault, which in the instant case was allegedly done by threat with a deadly weapon. V.T.C.A., Penal Code, §§ 29.02(a)(2), 29.03(a)(2); cf. V.T.C.A., Penal Code, §§ 31.03, 22.01. The Legislature in defining the offense expressly placed *two* requisite mental states into the language of the statute: the offender must act with intent to obtain and maintain control over property, and his threatening or placing the victim in fear must be intentional or knowing.

Viewed in this light, it appears that the phrase "intent to obtain or maintain control of the property" deals with the robber's state of mind regarding the property in question. The "intentionally or knowingly" element is directed to his state of mind in threatening or placing the victim in fear, the assaultive component of the offense of aggravated robbery. The State contends in essence that the language "intentionally or knowingly" in the statute is superfluous, and that the offense can be adequately alleged without it. However, we find that the construction of the statute as explained above is more consistent with sound principles of statutory interpretation. The guiding standard is that every word of a statute must be presumed to have been used for a purpose, and that the Legislature must be presumed to have intended the

entire statute in question to be effective. *Morter v. State*, 551 S.W.2d 715, 718 (Tex. Cr.App.1977); Article 5429b–2, § 3.01(2), V.A.C.S. To accept the State's argument would be to reject this sound and long–standing body of law. We decline to do so.

The results of *Teniente*, supra, and *Clark*, supra, are consistent with this view. The statute in question in *Teniente*, V.T.C.A., Penal Code, § 30.02(a)(1), contains a specific intent element, that the entry be made "with intent to commit a felony or theft." However, unlike V.T.C.A., Penal Code, § 29.02(a)(2), there is no additional general intent element stated in the statute. The indictment in *Teniente*, which tracked the statute verbatim, thus alleged all of the express elements of burglary.[1] The attack on the indictment was that V.T.C.A., Penal Code, § 6.02, required allegation and proof of an intentional, knowing or reckless entry, in addition to the elements of the burglary statute. This contention was properly rejected for the reasons already stated.

In *Clark*, supra, a slightly different situation was presented. On its face, V.T.C.A., Penal Code, § 21.11(a)(1), fails to state any requisite culpable mental state. However, the term "sexual contact" in the statute is in turn defined as requiring the specific intent "to arouse or gratify the sexual desire of any person." V.T.C.A., Penal Code, § 21.01(2). Thus, the indictment in *Clark* stated expressly the culpable mental state that was implicit in the applicable statute, as well as alleging all of the stated elements in V.T.C.A., Penal Code, § 21.-11(a)(1).[2] As in *Teniente*, the ground of error was that an additional allegation, outside the penal statute, of an intentional, knowing, or reckless mental state was required by V.T.C.A., Penal Code, § 6.02. And as in *Teniente*, this reasoning was rejected.

---

1. The allegation of "intent to commit a felony or theft," in addition to being an express element of the statutory definition, would also be required to be stated in the indictment under the authority of Articles 21.05 and 21.13, V.A. C.C.P.

2. Again, this degree of detail was required by Article 21.05, V.A.C.C.P. Cf. *Victory v. State*, 547 S.W.2d 1 (Tex.Cr.App.1976), where the mere allegation of "sexual contact" was held insufficient to meet the requirements of said Article 21.05.

The defect in the indictment in the instant case is that, unlike the indictments in *Teniente* and *Clark*, it omits an element clearly required by the applicable statute to be plead and proven. We hold that the indictment is fundamentally defective.

The relief requested is granted, and prosecution under the instant indictment is ordered dismissed.

DOUGLAS, Judge, dissenting.

The majority holds that the allegation in the indictment that Santellana did

"... threaten and place the complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a pistol ..."

does not allege that he "intentionally" or "knowingly" made such threat. How can one threaten another with death without intending to make such a threat?

Article 21.17, V.A.C.C.P., provides in substance that in charging an offense an indictment does not have to allege the exact words in setting out the crime, but words of similar meaning may be used.

All one has to do is read that part of the indictment which alleges that the petitioner threatened death of the complainant by using a pistol. It shows that the threat was intended. Can one recklessly or negligently threaten to kill another with a pistol?

"Threat" is defined in Black's Law Dictionary, 4th Ed., Rev., as follows:

"A declaration of intention or determination to inflict punishment, loss, or pain on another, or to injure another by the commission of some unlawful act. (Citations omitted)"

According to the construction by the majority, a prosecutor has to allege in effect that a defendant intentionally intended to injure another. From the definition set out above, it is readily seen that threaten includes intent. Why does a prosecutor have to allege that one intentionally threatened when both words include intent?

Petitioner was tried and convicted in 1974. He and his attorney knew that he was charged with robbery by threatening the victim with serious bodily injury and death. There was no appeal. There should be an end to granting relief after one had been tried many years before. He had sufficient notice of the offense.

There should be some legislation to prevent relief in cases such as this where the offense is properly identified in the indictment. See the dissent in *Ex parte Cannon*, 546 S.W.2d 266 (Tex.Cr.App.1976). The test that was, and should be, used was set out in *Ex parte Merriell*, 163 Tex.Cr.R. 534, 294 S.W.2d 400 (1956). It is as follows:

"There being a valid law under which a sufficient complaint and information could have been drawn for the act of obtaining property with intent to injure and defraud by the giving of the check, draft or order set out in the information, any irregular or insufficient averment of facts would not entitle appellant to relief by habeas corpus."

The relief sought should be denied.