**Ex parte David James BUNCH.**

**No. 65265.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 12, 1980.

Rehearing Denied Dec. 23, 1980.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

This is a post–conviction application for writ of habeas corpus pursuant to Art. 11.-07, V.A.C.C.P.

The record reflects that on March 10, 1975, in a trial before the court, petitioner entered pleas of guilty to the offenses of robbery, aggravated rape and attempted aggravated rape. Punishment was assessed in each cause at fifteen years. Petitioner now contends that all of his convictions are invalid because the indictment in each cause is fundamentally defective.

■ Initially, petitioner contends that his aggravated rape and attempted aggravated rape indictments are fundamentally defective because they fail to allege that the act of intercourse or attempted intercourse was "without the female's consent."

Petitioner's indictment for aggravated rape alleges in pertinent part that on July 19, 1974, he did:

"then and there knowingly and intentionally by force and threats have sexual intercourse with D___ M___ S___, a female not his wife, and did then and there intentionally and knowingly compel D___ M___ S___, to submit to such act of sexual intercourse by threatening the imminent infliction of death."

Petitioner's indictment for attempted aggravated rape alleges in pertinent part that on July 13, 1974, he did:

"then and there knowingly and intentionally by force and threats attempt to have sexual intercourse with M___ E___ D___, a female not his wife, and did then and there intentionally and knowingly attempt to compel M___ E___ D___ to submit to such act of sexual intercourse by threatening the imminent infliction of death."

V.T.C.A. Penal Code, Sec. 21.02(a), (b)(1), (2), provides as follows:

"(a) A person commits an offense if he has sexual intercourse with a female not his wife without the female's consent.
"(b) The intercourse is without the female's consent under one or more of the following circumstances:

"(1) he compels her to submit or participate by force that overcomes such earnest resistance as might reasonably be expected under the circumstances;

"(2) he compels her to submit or participate by any threat, communicated by actions, words, or deeds, that would prevent resistance by a woman of ordinary resolution, under the same or similar circumstances, because of a reasonable fear of harm;"

The aggravating element alleged in each of the indictments was that petitioner compelled submission by threatening the imminent infliction of death. See, Sec. 21.-03(a)(2), supra.

In *Childs v. State*, 547 S.W.2d 613, Tex. Cr.App., the defendant contended that his indictment for aggravated rape was defective for failing to allege that the act was committed without the female's consent. We found the contention to be without merit after noting that the indictment alleged that intercourse was accomplished by means of force and threats. It was further stated that the indictment alleged that the victim was compelled to submit to intercourse by the defendant threatening the imminent infliction of death. The Court found that the language used in the indictment was sufficient to allege that intercourse occurred without the consent of the prosecutrix. *Childs v. State*, supra at 616. Also see, *Church v. State*, 552 S.W.2d 138, Tex.Cr. App.

Petitioner's indictments allege that the acts of intercourse and attempted intercourse were accomplished by means of force and threats. The indictments further allege that the victims were compelled to submit by petitioner threatening the imminent infliction of death. We conclude that when read as a whole, petitioner's indictments are sufficient to allege that intercourse or attempted intercourse occurred without the consent of the victims.

■ Petitioner next contends that his robbery indictment is defective because it fails to allege that he knowingly or intentionally threatened or placed the victim in fear of imminent bodily injury or death.

Petitioner's indictment for robbery alleges in pertinent part that on September 2, 1974, he did:

"while in the course of committing theft of one pair of shorts, and one pair of panties, hereinafter called 'the Property,' from Judith Hammonds, with intent to obtain and maintain control of the property, threaten and place Judith Hammonds in fear of imminent serious bodily injury and death."

V.T.C.A. Penal Code, Sec. 29.02(a)(2) provides as follows:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

" . . .

"(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death."

In *Ex parte County*, 577 S.W.2d 260, Tex. Cr.App., the petitioner maintained that his indictment for aggravated robbery was defective. This Court granted relief after finding that the indictment failed to allege a robbery, a necessary allegation for an aggravated robbery indictment. It was held that in order to allege a robbery, the indictment must allege that the defendant "intentionally, knowingly, or recklessly cause[d] bodily injury to another" *or* "intentionally or knowingly threaten[ed] or place[d] another in fear of imminent bodily injury or death." *Ex parte County*, supra at 261.

In *Ex parte Santellana*, 606 S.W.2d 331, Tex.Cr.App., this Court stated:

"The Legislature in defining the offense (of robbery) expressly placed *two* requisite mental states into the language of the statute: the offender must act with intent to obtain and maintain control over property, and his threatening or placing the victim in fear must be intentional or knowing."

We found the petitioner's indictment for aggravated robbery in *Santellana* defective for failing to allege a robbery. The defect in that case was that the indictment failed to allege that the threatening and placing the complainant in fear of imminent bodily injury and death was done intentionally or knowingly.

Petitioner's robbery indictment in the instant cause suffers from the same defect found in *County* and *Santellana*. We find the indictment defective for failing to allege that the threatening and placing the complainant in fear of imminent bodily injury and death was done intentionally or knowingly.

The relief sought as to the convictions in Cause Nos. F–75–1455–JQ and F–75–1832–JQ in the 204th Judicial District Court of Dallas County is denied. The relief sought as to the conviction in Cause No. C–74–9009–IQ in the 204th Judicial District Court of Dallas County is granted and the indictment is ordered dismissed.

It is so ordered.