**Robert C. WELLS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–88–009–CR.**

Court of Appeals of Texas,
Texarkana.

Nov. 22, 1988.

Rehearing Denied Dec. 12 and
Dec. 13, 1988.

Joe A. Hughey, Marshall, for appellant.

Bonnie Leggat, Dist. Atty., Marshall, for appellee.

CORNELIUS, Chief Justice.

Robert C. Wells was charged with two separate aggravated robbery offenses, which were consolidated for trial at his request. He was convicted of one offense, and after enhancement, was assessed punishment of forty years' confinement. In two points of error, Wells contends that the jury charge erroneously enlarged upon the allegations of the indictment, and that the trial court erred in excusing a juror under the authority of Tex.Code Crim.Proc.Ann. art. 36.29 (Vernon Supp.1988). We overrule both points and affirm the judgment.

The indictment alleged the commission of robbery under Tex.Penal Code Ann. § 29.02(a)(2) (Vernon 1974), and charged in pertinent part that Wells:

> [D]id then and there *intentionally,* while in the course of committing theft of property and with intent to obtain and maintain control of said property, threaten and place Don Kridner in fear of imminent bodily injury and death, and did then and there ... exhibit a deadly weapon,.... (Emphasis added.)

Wells' contention that there was an enlargement in the indictment is based upon the following portion of the jury charge:

> Now if you find from the evidence beyond a reasonable doubt that on or about the 30th day of October, 1987 in Harrison County, Texas, the defendant Robert C. Wells, while in the course of committing theft of property, and with intent to obtain and maintain control of said property, did *intentionally or knowingly* threaten and place Don Kridner in fear of imminent bodily injury and death,.... (Emphasis added.)

█ The charge allowed the jury to convict Wells if it found he acted "knowingly," which is a less culpable mental state than that alleged in the indictment. Wells did not object to the charge at trial, however, so reversal is required only if the error is so egregious that he was denied a fair trial. *Almanza v. State,* 686 S.W.2d 157 (Tex. Crim.App.1984). The degree of harm is determined in light of the entire jury charge, the state of the evidence, the nature of the testimony supporting the verdict, arguments of counsel, and other relevant information revealed by the record of the trial. *Almanza v. State,* supra.

Wells' only defense was that of alibi. The evidence conflicted as to his whereabouts on the night of the robberies, and the jury, as fact finder, was permitted to believe the evidence pointing to his guilt. Since alibi was the only defense, and no issue was raised concerning Wells' mental state, the use of the terms "intentionally or knowingly" in the charge could not have denied him a fair trial.

█ In a pro se brief Wells argues that the indictment is void because it fails to allege both intentional *and* knowing conduct. We disagree. The statute states the culpable mental states in the disjunctive. Thus, only one of those states must be alleged in the indictment.

█ About three and a half hours into the trial, the court excused one of the jurors because of a death in her family. The juror informed the court that since learning of the death she did not feel she could continue. The court excused her and proceeded with eleven jurors under the authority of Article 36.29, which allows eleven jurors to render a verdict when one of the twelve becomes disabled.

It is in the trial court's discretion whether a juror is disabled within the meaning of Article 36.29. *Bass v. State,* 622 S.W.2d 101 (Tex.Crim.App.1981); *Moya v. State,* 691 S.W.2d 63 (Tex.App.—San Antonio 1985, no pet.). "Disabled" under this article means any condition that inhibits the juror from fully and fairly performing the functions of a juror. *Griffin v. State,* 486 S.W.2d 948 (Tex.Crim.App.1972). As the juror testified that she was so distraught

she could not continue as a juror, the trial court did not abuse its discretion in finding her disabled.

For the reasons stated, the judgment is affirmed.