**Roosevelt MOONEY, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–284–CR.**

Court of Appeals of Texas, Corpus Christi.

June 17, 1982.

C. C. Divine, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before NYE, C. J., and YOUNG and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of unlawful possession of a firearm by a felon. The appellant having waived his right to a jury, the trial court found him guilty and assessed punishment (with enhancement) at ten years' confinement.

By his single ground of error, appellant challenges the sufficiency of the evidence supporting his conviction.

Tex.Penal Code Ann., section 46.05, reads in part:

(a) A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives.

Appellant concedes that he was lawfully caught in possession of a firearm away from the premises of his residence. He had no objection to the State's proof that, at the time of his arrest in this case, he had previously been convicted of a felony involving an act of violence or threatened violence to a person or property.

Instead, appellant focuses on his own testimony that he had just purchased the pistol and was merely transporting it to his home when the police stopped him for a traffic offense. Appellant insists that this testimony established a defense and obligated the State to introduce evidence to prove that the purpose of appellant's possession of the firearm was unlawful.

There is admittedly ample evidence of each of the elements of the offense. Assuming, without determining, that merely carrying a firearm from the place of purchase to one's residence constitutes a defense to a charge of violating section 46.05, appellant's explanation did not require the State to rebut his statement with positive controverting evidence. *Johnson v. State*, 571 S.W.2d 170 (Tex.Cr.App.1978).

The trial court was the sole judge of the credibility of the witnesses and could accept or reject any part or all of the testimony of any witness. *Johnson v. State*, supra, at 173. The trial judge was authorized to disbelieve the appellant's explanation which, apparently, he did. *Id.*

Appellant's ground of error is overruled. The judgment of the trial court is affirmed.