**Dennis ELLISON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–090–CR.**

Court of Appeals of Texas, Corpus Christi.

Feb. 10, 1983.

Larry J. Adams, Giles & Adams, Corpus Christi, for appellant.

Wm. B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

After waiving his right to a jury, appellant was convicted of the offense of rape, with punishment assessed at 10 years confinement in the Texas Department of Corrections. In a single ground of error, appellant challenges the sufficiency of the evidence to support his conviction. Appellant admits that he had sexual intercourse with the complaining witness, but contends that the evidence is insufficient to show a lack of her consent.

To review such ground of error, we must view the evidence in the light most favorable to the verdict and affirm the judgment if there is evidence, which, if believed, shows the guilt of the accused. *Banks v. State,* 510 S.W.2d 592, 595 (Tex.Cr. App.1974). In this case, the trial court was the factfinder and, as such, was the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Johnson v. State,* 571 S.W.2d 170, 173 (Tex. Cr.App.1978); *Combs v. State,* 643 S.W.2d 709 (Tex.Cr.App.1982); *Mooney v. State,* 636 S.W.2d 780 (Tex.App.—Corpus Christi 1982, no app.).

Among the circumstances under which sexual intercourse is said by the Penal Code to be without the female's consent are when the actor compels the victim to submit or participate by (1) "force that overcomes such earnest resistance as might reasonably be expected under the circumstances"; and (2) "any threat that would prevent resistance by a woman of ordinary resolution." Tex.Penal Code Ann. § 21.02(b) (Vernon 1974). The indictment against appellant alleges both these means.

When both force and threats are alleged, it is not necessary for either the force or the threats to measure up to the statutory definition. The factfinder may consider their combined effect in determining whether, in fact, a rape has occurred. *Gorman v. State,* 480 S.W.2d 188 (Tex.Cr. App.1972).

The prosecutrix testified that on the night of the offense, she was alone and on foot late at night in a sparsely populated, industrial section of Corpus Christi, having been abandoned by her boyfriend in the

wake of an argument. She was walking in what she considered the safest direction for the neighborhood when she met an automobile coming the other way. She stated she thought it was her boyfriend returning for her. The car turned out to contain three young men. The appellant was among them. The appellant got out of the car and asked her if she needed help, or if they could offer her a ride. She testified that, although the young men's approach was at first friendly, she was afraid and allowed herself to be escorted voluntarily into the vehicle because of her fear that they would force her if she resisted. She asked the young men to take her to the Memorial Medical Center because that was near her home and she did not wish to reveal her address to the young men. Instead, they drove to an even more secluded place and, according to the prosecutrix, made her engage in repeated acts of fellatio and sexual intercourse with all three men. She stated that one of the appellant's companions who was the first to rape her placed his hand over her nose and mouth and threatened to smother her to death if she did not stop crying and remain quiet. She stated that she did not resist or try to escape sooner than she did because she was scared, and at all times she was surrounded by the three men. She testified that none of the men had her consent to have intercourse with her.

We hold that there is ample evidence in the record to support the conviction. The judgment of the trial court is affirmed.