**Gilberto LOPEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13-83-038-CR.**

Court of Appeals of Texas, Corpus Christi.

Dec. 22, 1983.

Ricardo Laurel, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from a conviction for rape. The jury assessed punishment at seven years imprisonment in the Texas Department of Corrections. The appellant raises two grounds of error on appeal. In his first ground, the appellant claims that the trial court erred in denying appellant's motion for mistrial when the state violated his motion in limine. The state concedes in its appellate brief that the question asked of the witness by the prosecutor was improper; but the state maintains that (1) the admonition by the trial court was sufficient to cure the error of the prosecutor and (2) similar testimony was later admitted without objection, which also cured any error.

The question asked by the prosecutor occurred during the state's cross-examination of Epimenio Lopez, the appellant's brother. The question was:

"Q (By Mr. Babcock) Did you drive your brother everywhere he needed to go back on May the 18th and May the 17th and May the 16th of 1982?

A Yes, sir, sure did.

Q Was that the time when you drove your brother to his probation officer on May the 17th, 1982?"

The court sustained the objection of appellant's counsel and instructed the jury to disregard the testimony. The trial court denied appellant's motion for mistrial.

 Generally, an alleged error caused by asking an improper question or in admitting improper testimony in a criminal proceeding may be cured or rendered harmless by its withdrawal or by an instruction to disregard. An exception to this general rule is under extreme circumstances wherein the question is calculated to inflame the minds of the jury and the impression produced in the minds of the jurors cannot be withdrawn. *Carter v. State,* 614 S.W.2d 821 (Tex.Cr.App.1981); *Cavender v. State,* 547 S.W.2d 601 (Tex.Cr.App.1977). Later evidence that the appellant had been convicted in a prior case for the felony offense of burglary was elicited without objection during the cross-examination of appellant. In view of the fact that the trial court properly instructed the jury to disregard the statement and the fact that evidence of a similar nature was later introduced in the trial, the error was not so prejudicial as to require a reversal. Appellant's first ground of error is overruled.

In appellant's second ground of error, he asserts that the evidence was insufficient to prove beyond a reasonable doubt that the appellant had used force and threats to commit the crime of rape. He also asserts that the state failed to prove beyond a reasonable doubt that it was the appellant who, in fact, raped the complainant.

 It is well settled that an indictment which charges a rape to have been committed by force or threats is fully sustained by proof of either of the methods alleged.

**656**

Brown v. State, 576 S.W.2d 820 (Tex.Cr. App.1978); Lucero v. State, 502 S.W.2d 750 (Tex.Cr.App.1973). A threat can be communicated by action or conduct as well as verbally. McClendon v. State, 643 S.W.2d 936 (Tex.Cr.App.1982); Berry v. State, 579 S.W.2d 487 (Tex.Cr.App.1979). To determine whether sufficient evidence existed, we review all of the testimony in the record.

In deciding sufficiency of the evidence questions, the Court views the evidence in a light most favorable to the verdict. Garrett v. State, 619 S.W.2d 172 (Tex.Cr.App. 1981). In Banks v. State, 510 S.W.2d 592, 595 (Tex.Cr.App.1974), the Court of Criminal Appeals set forth the appropriate standard for review of a jury verdict as follows:

> "[I]t is the province of the jury to judge the credibility of the witnesses and the weight to be given their testimony and it may resolve or reconcile conflicts in the testimony, accepting or rejecting such portions thereof as it sees fit ... In reviewing the sufficiency of the evidence to support the conviction, we must view the evidence in the light most favorable to the verdict. In doing so, the verdict will be sustained if there is any evidence which, if believed, shows the guilt of the accused."

In the case before us, the complainant testified that appellant held her down while she attempted to fight him off with her hands. Appellant told her that he had a gun in his glove compartment. The attack took place in a seemingly deserted area. Appellant's demeanor was described by complainant as "serious." The testimony of complainant was that as she tried to escape, she feared for her life. She was told by her attacker not to cry or scream because no one could hear her. Her assailant said that "it was going to happen one way or another." Complainant testified that, in the process of him trying to rape her, she hit him and yelled at him to leave her alone. She claimed appellant grabbed her shoulder and sat on top of her, holding her arms, and that he eventually raped her. She identified appellant as the individual who had raped her. She testified she was not married to the appellant and did not consent to the act of sexual intercourse with the appellant.

Complainant testified that after the rape she escaped from appellant, clothed only in a T-shirt. She went to a nearby home where she called the police.

Two officers arrived and took her to Memorial Hospital. She was examined by a doctor who confirmed semen in the vagina. She was then questioned by Detective Edge. On June 23, 1983, she telephoned Detective Edge after she had seen appellant driving in his automobile. She copied the license plate number and gave it to the police officer. Later, she identified the appellant as her rapist from a photo lineup. We hold that there was ample evidence that complainant was raped by the appellant by the use of force or threats.

The judgment of the trial court is affirmed.