OPINION
NYE, Chief Justice.
Appellant was convicted by a jury of sexual assault. The jury assessed a sentence of ten years. Appellant brings four grounds of error on appeal. We overrule all of them and affirm the conviction and the sentence.
Appellant’s first ground of error challenges the sufficiency of the evidence to support his conviction. Specifically, he argues that the evidence is insufficient to show that the sexual assault was without the victim’s consent. We initially note that appellant was charged and convicted under TEX.PENAL CODE ANN. § 22.011 (Vernon Supp.1986), which became effective September 1, 1983. We construe the standard of consent under this new statute.
The old rape statute, Section 21.02 of the Penal Code, required reasonably earnest resistance by the victim, as follows:
(a) A person commits an offense if he has sexual intercourse with a female not his wife without the female’s consent.
(b) The intercourse is without the female’s consent under one or more of the following circumstances:
(1) he compels her to submit or participate by force that overcomes such earnest resistance as might reasonably be expected under the circumstances....
This offense has been renamed “sexual assault.” The portion of § 22.011 relevant to consent reads as follows:
(a) A person commits an offense if the person:
(1) intentionally or knowingly:
(A) causes the penetration of the anus or female sexual organ of another person who is not the spouse of the actor by any means, without that person’s consent;
Sfc ⅝5 ¡fc ⅜ * ⅜!
(b) A sexual assault under Subsection (a)(1) of this section is without the consent of the other person if:
(1) the actor compels the other person to submit or participate by the use of physical force or violence....
By eliminating the “resistance” language from the new statute, the legislature appears to have shifted the emphasis from *333 the victim’s resistance to the actor’s compulsion. By merely stating that, if the actor’s use of physical force or violence compels the victim to submit, the “without consent” standard is satisfied, the legislature has made it easier for the State to prove lack of consent.
In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Houston v. State, 663 S.W.2d 465 (Tex.Crim.App.1984). We find from the entire record that the evidence is sufficient to support the jury’s finding that consent was lacking. The complainant testified that she was brutally raped. She stated that the appellant grabbed her around her eyes and throat and forced her head down, and that he used excessive force in doing so. She was then dragged or pulled from the sidewalk on which she was walking. The physician who examined the victim after the assault testified that both the outside and the inside of the victim’s vagina were “very red and swollen.” The physician testified that this indicated “that penetration occurred without proper lubrication, or at least was painful to the patient.” In the opinion of this doctor, the redness and swelling she observed “would be very unusual after normal intercourse.”
After the attack, the victim testified that she immediately ran to the nearest house with a porch light on and asked to use the phone. The woman who admitted the victim to her house testified that she was “very upset and crying and shaken.” She begged the woman to let her in. The investigating officer, who arrived to pick up the victim, testified that she was extremely upset and very emotional. The examining physician also testified that she was “very upset and crying.” The nurse’s notes admitted into evidence also reflect that the victim was crying during the examination. This overwhelming evidence of the victim’s immediate “outcry” also tends to establish her lack of consent.
Appellant’s defensive theory that the sexual encounter was consented to by his victim apparently stems from the victim’s submitting to the appellant in order to avoid getting hurt. The first words spoken after the appellant grabbed his victim came from the victim, who said words to the effect of, ‘.‘Don’t hurt me — I want what you do.” After he pulled her from the sidewalk, ordered her to remove most of her clothing, and took her clothing away from her, she followed him to a secluded area where he assaulted her. After the assault, she told him where she worked and invited him to visit her there, and she even got him to write his name and phone number on a piece of paper. The victim testified she was trying to get him to reveal himself so she would have a chance to alert the police. She told the investigating officer that she had done such a good acting job she could have “won an academy award.”
Viewing the evidence in the light most favorable to the jury verdict, we find that the victim’s submission was compelled by the appellant’s use of physical force and violence. See TEX. PENAL CODE ANN. § 22.011(b)(1) (Vernon Supp.1986). Whether consent was lacking must be determined from the totality of the circumstances in each particular case. Brown v. State, 576 S.W.2d 820, 823 (Tex.Crim.App.1978). The attack occurred on a week night, away from busy streets. The victim was alone and on foot at approximately 1:00 a.m. She was grabbed from behind with excessive force, and she testified that she knew immediately she was going to be raped. She told the investigating officer that she felt her life was in danger. She knew from the minute she was grabbed that she was going to do exactly what he wanted her to do and not give him any trouble in order to avoid getting hurt.
In Ellison v. State, 648 S.W.2d 727 (Tex.App.—Corpus Christi 1983, no pet.), the complaining witness testified that she was alone and on foot late at night in a sparsely populated area. A car containing three *334 men approached and offered her a ride. She allowed herself to be voluntarily escorted into the vehicle out of fear that the men would force her if she resisted. She was then forced to submit to sexual contact. The only use of force or threat recited in that opinion was that the first of the attackers placed his hand over her nose and mouth and threatened to smother her if she did not stop crying and remain quiet. The victim in Ellison did not resist or try to escape because she was afraid and surrounded by the three men. In that case, under the old rape statute, this Court held that ample evidence existed to support the conviction. See also Lopez v. State, 663 S.W.2d 654 (Tex.App.—Corpus Christi 1983, no pet.); Perez v. State, 653 S.W.2d 878 (Tex.App.—Corpus Christi 1983, rev. ref'd). Appellant’s first ground of error is overruled.
Appellant’s second and fourth grounds of error attack the indictment. The indictment reads in material part:
Christopher Bannach did then and there by inserting his sexual organ, intentionally and knowingly cause the penetration of the vagina of [the victim] who was not the spouse of the defendant in that he compelled her to submit and participate by use of physical force and violence against the peace and dignity of the State.
In his second ground of error, appellant asserts that the indictment was fundamentally defective for failing to allege an offense, since it left out the words “without the consent.” This argument is without merit and is overruled. The indictment alleges that appellant compelled his victim to submit by using physical force and violence. This closely tracks the language of Section 22.011(b)(1), which describes one way in which consent may be lacking under the sexual assault statute. The indictment thus “was sufficient to allege that intercourse occurred without the consent of the prosecutrix.” Ex parte Bunch, 608 S.W.2d 641, 642 (Tex.Crim.App.1980); Childs v. State, 547 S.W.2d 613, 616 (Tex.Crim.App.1977). When read as a whole, the indictment is sufficient to apprise the appellant of the offense with which he was charged. See Banks v. State, 530 S.W.2d 940, 941 (Tex.Crim.App.1975); see also Childs, 547 S.W.2d at 616.
Appellant also assigns fundamental error to the indictment in his fourth ground of error, claiming that he was denied due process because a culpable mental state was not alleged for all the elements of the offense. Specifically, appellant argues that because the phrase “by inserting his sexual organ” comes before the language “intentionally and knowingly,” the State lessens its burden of proof as to that allegation. This argument overlooks the fact that the indictment charges him with “intentionally and knowingly causing] the penetration of the [victim’s] vagina.” The first phrase, “by inserting,” alleges only the manner and means of the offense. The second phrase, “cause the penetration,” is the essential element which must be done intentionally and knowingly. See § 22.-011(a)(1)(A). Appellant’s fourth ground of error is also without merit and is overruled.
Finally, appellant’s third ground of error contends that the trial court erred in preventing the appellant from proving that he had no prior felony convictions in order to apply for probation during the punishment phase of the trial. Appellant was on probation from felony burglary of a motor vehicle when he assaulted the victim. Because of the assault, his probation was revoked. That revocation is now on appeal. He contends that, because the probation revocation was on appeal at the time of trial, he did not have a “prior conviction” and he was eligible to apply for probation. The trial court rejected appellant’s application for probation and refused to allow the jury to consider probation. The evidence concerning his prior conviction was offered on a bill of exception.
The trial court was correct in refusing to allow the jury to consider probation during the punishment phase of appellant’s trial. The mere fact that the revocation proceedings are appealed does not affect the finality of appellant’s underlying *335 conviction for purposes of applying for probation. Franklin v. State, 523 S.W.2d 947 (Tex.Crim.App.1975); see Baker v. State, 519 S.W.2d 437 (Tex.Crim.App.1975). Eligibility for probation is controlled by TEX. CODE CRIM.PROC.ANN. art. 42.12B, § 3a(a) (Vernon Supp.1986). This statute requires one who wishes to have the jury consider probation to plead and prove that he has no prior felony convictions. See Baker, 519 S.W.2d at 437. The cases appellant cites in support of his contention all deal with the use by the State of prior convictions, either in the State’s case in chief for enhancement purposes, or to show an appellant’s criminal background during the punishment phase. These matters are controlled by TEX.CODE CRIM.PROC. ANN. art. 37.07 (Vernon 1981), and are inapplicable here. Appellant’s third ground of error is overruled.
The judgment of the trial court is AFFIRMED.