NUMBER 13-05-374-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ARTHUR FRED GONZALEZ GARZA, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 139th District Court of Hidalgo County, Texas.

 


MEMORANDUM OPINION


Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Garza


Appellant, Arthur Fred Gonzalez Garza, was charged by indictment with the offense
of unlawfully carrying a weapon on licensed premises. See Tex. Pen. Code Ann. § 46.02 
(Vernon 2003). (1) Appellant proceeded pro se at trial and pleaded not guilty to the offense. 
A jury found appellant guilty and the trial court assessed punishment at two years'
imprisonment, suspended and probated for two years. 

By eight issues, appellant challenges his conviction contending that (1) the guilty
verdict is erroneous because it is based on inadmissible evidence, (2) the evidence was
factually insufficient to support his conviction, (3) he was denied his right to self-representation, (4) the trial court erred in denying his pre-trial motion to dismiss without
conducting a hearing, (5) the trial court erred in denying his pre-trial motion to suppress
without conducting a hearing, (6) the trial court erred in denying his pre-trial motion to
suppress, (7) the trial court erred in denying his pre-trial motion to dismiss, and (8) the trial
court abused its discretion in denying his motion for new trial because the evidence was
factually insufficient to sustain his conviction. We affirm.

Factual Background

On February 14, 2004, while allegedly in the process of moving to a new residence,
appellant was stopped by Pharr Police Officer Chris Olivarez. Olivarez testified that on
February 14 while on patrol near El Centro Mall in Pharr, Texas, he was approached by
Keith Brandon Sims. Sims reportedly told Olivarez that appellant pulled a gun on him while
he was at the Aziz convenience store near El Centro Mall. Olivarez stated that Sims
directed him to the convenience store and identified appellant as being in a white four-door
Subaru. Olivarez testified he then proceeded to stop appellant as he pulled out of the store
parking lot. After a search of appellant's vehicle, officers found a .22 caliber hand gun.

I. 

In his first issue, appellant challenges the admissibility of Officer Olivarez's
testimony and the admissibility of a videotape of the stop. Appellant essentially contends
that the evidence was factually insufficient to support the jury's implied finding, submitted
under article 38.23(a) of the code of criminal procedure, that he consented to the search
of his vehicle. See Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005). An instruction
pursuant to article 38.23 (a) should be included in the charge only "if there is a factual
dispute as to how the evidence was obtained." Hanks v. State, 137 S.W.3d 668, 671 (Tex.
Crim. App. 2004) (quoting Thomas v. State, 723 S.W.2d 696, 707 (Tex. Crim. App. 1986). 
The record reflects that appellant filed a pre-trial motion to suppress the complained-of
evidence contending the evidence was obtained in violation of the Fourth Amendment of
the United States Constitution and article I, section 9 of the Texas Constitution. See U.S.
Const. amend. IV; Tex. Const. art I, § 9. Specifically, appellant contended the evidence
was inadmissible because it was obtained as a result of a search of his vehicle without his
consent. The State contended appellant consented to the search of his vehicle. The trial
court stated that it would not suppress the evidence. Appellant then requested that the trial
court submit a special instruction on the issue of consent to the jury. See Tex. Code Crim.
Proc. Ann. art. 38.23(a). Because a factual dispute existed as to how the evidence was
obtained, the trial court granted appellant's request and instructed the jury as follows:

You are instructed that under our law as applicable to this case any search
of the vehicle of the accused without a search warrant, or voluntary consent
of the Defendant to search, written or oral, would not be lawful. Therefore
in this case, should you fail to find from the evidence beyond a reasonable
doubt, or if you have a reasonable doubt thereto, that consent to search the
vehicle of the Defendant was voluntarily and understandingly given either
orally or in writing, or any combination thereof, than [sic] such search would
be unlawful and you would wholly disregard the same and any evidence
obtained as a result thereof. 


See Hanks v. State, 137 S.W.3d at 671. However, we may only conduct a
factual-sufficiency review regarding the sufficiency of the State's proof of elements of the
offense. See Hanks v. State, 137 S.W.3d 668, 672 (Tex. Crim. App. 2004). We may not
conduct a factual-sufficiency review of the admissibility of evidence when a question is
submitted to the jury pursuant to article 38.23(a). See id.at 671; Caddell v. State, 123
S.W.3d 722, 726 (Tex. App.-Houston [14th Dist.] 2003, pet ref'd); Johnson v. State, 95
S.W.3d 568, 572-73 (Tex. App.-Houston [1st Dist.] 2002, pet. ref'd) (en banc). 
Accordingly, we overrule appellant's first issue on appeal. 

II. 

 By his second issue, appellant asserts the evidence is factually insufficient to
support his conviction. Appellant does not deny he carried the gun. Instead, he contends
the State failed to disprove the defense of "traveling" which allowed him to carry his
handgun from his old residence to a new residence. See Tex. Pen. Code Ann. §
46.15(b)(3) (Vernon Supp. 2006); see also Johnson v. State, 571 S.W.2d 170, 172 (Tex.
Crim. App. 1978) (holding that carrying a handgun from an old residence to a new one will
constitute a defense to prosecution, but that one will not be entitled to carry a weapon idly,
for the sake of carrying it, habitually, or for an unlawful purpose). The "traveling exception" or traveling defense to an unlawful carrying of a handgun
charge is a question for the trier of fact. Birch v. State, 948 S.W.2d 880, 883 (Tex.
App.-San Antonio 1997, no pet.). After a request by appellant, the trial court included the
defensive theory in its charge to the jury. (2) 

 In a factual sufficiency review, the evidence is viewed in a neutral light, favoring
neither party. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In this
neutral light, we determine whether "the proof of guilt is so obviously weak as to undermine
confidence in the jury's determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof." See Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000). A clearly wrong and unjust verdict occurs where the jury's finding
"shocks the conscience," or "clearly demonstrates bias." Santellan v. State, 939 S.W.2d
155, 164-65 (Tex. Crim. App. 1997). We are authorized to disagree with the fact finder's
verdict even if probative evidence exists that supports the verdict. Id. at 164; see also
Johnson, 23 S.W.3d at 7. 

 The only evidence provided by appellant to establish his defense is the testimony
of his girlfriend, Sylvia Garcia, who testified that, on the evening of February 14, she and
appellant were traveling from appellant's home to her home in McAllen. She testified that
appellant had agreed that he would live with her at her house and that "during the day" on
February 14 appellant had taken some of his belongings to her house. She testified that
on their way to her home on the evening of the fourteenth, appellant stopped at the Aziz
convenience store to purchase something and that appellant was pulled over by the Pharr
Police Department as they were leaving the convenience store. 

 On cross-examination, Garcia testified that, on the evening in question, she and
appellant went to his old residence so that appellant could get something personal that he
needed to take to her house for protection. She further testified that, at the time appellant
was pulled over, he did not have any personal belongings in the vehicle other than the gun. 
 The State responds that it was not required to introduce positive controverting
evidence to rebut appellant's defense. We agree. See Johnson, 571 S.W.2d at 173;
Mooney v. State, 636 S.W.2d 780, 781 (Tex. App.-Corpus Christi 1982, no pet.) (stating
"appellant's explanation did not require the State to rebut his statement with positive
controverting evidence"). The State further asserts that although the evidence shows that
appellant had been moving earlier in the day, the evidence did not support his contention
that he was in the process of moving when he was detained and that the jury was within
its province to disbelieve the witness's testimony. (3)

 We cannot conclude that the proof of guilt is so obviously weak as to undermine
confidence in the jury's determination or that the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof. See Johnson, 23 S.W.3d at 11. The jury
is the exclusive judge of the credibility of witnesses and of the weight to be given their
testimony and could accept or reject any part or all of the testimony of any witness. 
Johnson, 571 S.W.2d at 173; Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App.
1994) (per curiam). The jury was authorized to disbelieve Garcia's testimony which,
apparently, it did. See Johnson, 571 S.W.2d at 173; Mooney, 636 S.W.2d at 781. 
Accordingly, appellant's second issue is overruled. 

III. 

 In his third issue, appellant contends that the trial court violated his Sixth
Amendment right to self-representation when it appointed stand-by counsel during pre-trial
proceedings.

 The Sixth Amendment guarantees criminal defendants the right to assistance of
counsel in criminal cases. See U.S. Const. amend. VI; Faretta v. California, 422 U.S. 806,
807(1975). Implied in the right to counsel, and in other protections of the Sixth
Amendment, is a right to self-representation. Faretta, 422 U.S. at 820. The right to
self-representation, however, does not attach until it has been clearly and unequivocally
asserted. Birdwell v. State, 10 S.W.3d 74, 77 (Tex. App.-Houston [14th Dist.] 1999, pet.
ref'd). Once the right has been asserted, the trial court must advise the defendant of the
dangers and consequences of self-representation. Id. Thereafter, if the defendant
maintains his desire to proceed pro se, he should be allowed to do so as long as the
assertion of his right to self-representation is unconditional and not asserted to disrupt or
to delay the proceedings. Id. When a defendant invokes the right to self-representation,
the trial court may, in its discretion, permit hybrid representation. McKaskle v. Wiggins,
465 U.S. 168, 183-84 (1984). Representation amounts to hybrid representation when, in
response to the defendant's request for self-representation, the trial court allows the
defendant's attorney to remain as counsel and to be available to advise the defendant. 
See Walker v. State, 962 S.W.2d 124, 126 (Tex. App.-Houston [1st Dist.] 1997, pet. ref'd). 
In such a case, if the defendant invokes the participation of stand-by counsel, the
representation becomes hybrid. Id.

 A defendant's Sixth Amendment rights are not violated when a trial court appoints
stand-by counsel, even over the defendant's objection, to relieve the court of the need to
explain and to enforce basic rules of courtroom protocol or to assist the defendant in
overcoming routine obstacles that stand in the way of the defendant's achievement of his
own clearly indicated goals. McKaskle, 465 U.S. at 184. As long as the appointment of
counsel to assist the defendant does not interfere with the defendant's actual control over
his own defense or undermine his appearance before the jury in the status of a pro se
defendant, participation of stand-by counsel does not infringe upon the right to
self-representation. Scarbrough v. State, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989). 

 Appellant requested to proceed pro se at a pre-trial hearing on November 11, 2004. 
On this occasion, after appellant had expressed his wish to proceed pro se, Judge Ernest
Aliseda, presiding, admonished appellant of the dangers and consequences inherent in
self-representation. After conducting a Faretta hearing, the trial court admonished
appellant about the dangers of representing himself. Appellant again expressed that he
desired to proceed pro se and was allowed to do so. 

 However, at a pre-trial hearing on November 17, 2004, Judge Homer Salinas,
presiding, appointed counsel to assist appellant. At the hearing, Judge Salinas expressed
his concern with appellant's decision to proceed pro se and stated to appellant "you
understand if you persist in representing yourself you've got a fool for a client." Judge
Salinas then remarked that he had been practicing law since 1963 and had yet to see a
lawyer represent himself, much less a lay person. Judge Salinas warned appellant that if
he proceeded pro se, he would be held to the same standard as attorneys. Appellant then
informed the court that he was ready to proceed on his motion to suppress. Judge Salinas
asked appellant to state the basis of his motion. However, as appellant attempted to
explain the basis for his motion, Judge Salinas interrupted appellant and explained that he
was going to end up talking himself into a confession. (4)
 Judge Salinas then made the
decision to appoint Daniel Reyes as counsel to assist appellant with his motions. 

 The record indicates that at the November 17 hearing, Judge Salinas denied
appellant's motion to suppress. In response to appellant's motion to dismiss, Judge
Salinas ruled "[r]ight now denied there is no evidence." Appellant then urged a motion for
discovery and motion to produce exculpatory mitigating evidence. Judge Salinas denied
the motions and stated "any and all motions filed pro se by this Defendant are hereby
ordered denied." He further clarified that he was "reopening these matters up" and
provided appellant and Mr. Reyes additional time to prepare the motions. 

 The record further indicates that on February 18, 2005, Mr. Reyes filed a motion to
withdraw in which he stated that appellant wanted to have another attorney appointed, or,
in the alternative, wanted to proceed pro se. At a hearing before Judge Bobby Flores,
presiding, appellant informed Judge Flores that he knew what he was doing and wanted
to proceed pro se. After a discussion, Judge Flores decided to keep Mr. Reyes "on the
sidelines." Appellant responded " I do appreciate that he's standby in case I have any
questions." 

 The record demonstrates that appellant was not deprived of his right to self-representation. In fact, it demonstrates that appellant did represent himself. Appellant
himself re-urged the previously urged motion to suppress, conducted voir dire, and had full
control over the presentation of his defense. The record also shows that appellant
repeatedly accepted Mr. Reyes's assistance. (5) Under these circumstances, we find no
denial of appellant's Sixth Amendment rights. Appellant's third issue is overruled.

IV.

 In his fourth and fifth issues, appellant contends the trial court erred in denying his
motion to dismiss and his motion to suppress without holding a hearing. Appellant's
argument is without merit. The record reflects that Judge Salinas did not deny appellant's
motions without holding a hearing. The record demonstrates that at the November 17,
2004 hearing, Judge Salinas rescheduled the hearing on the complained-of motions for
November 19, 2004, so that Mr. Reyes could have time to assist appellant with the
motions. Then, on November 19, Mr. Reyes requested additional time to prepare the
motions. At this hearing, appellant urged his motion to suppress and motion to dismiss to
which Judge Salinas responded "denied" and "[r]ight now denied there is no evidence." 
Judge Salinas ruled that "any and all motions filed pro se by this Defendant are hereby
ordered denied" but then went on to state that he was "reopening these matters up." 
Judge Salinas then rescheduled appellant's pretrial hearing on the motions for December
6, 2004. We conclude the trial court did not deny appellant a hearing on the motions. 
Instead, the trial court provided appellant with an opportunity to have Mr. Reyes assist him
in preparing the deficient motions and then provided appellant an opportunity to re-urge
the motions at a later hearing. In fact, the record demonstrates that appellant re-urged his
motion to suppress at trial. However, the record is devoid of any evidence that appellant
ever re-urged his motion to dismiss. Nonetheless, we conclude that appellant's motion to
dismiss was never properly before the court because the motion is unsigned and unsworn. 
Accordingly, we overrule appellant's fourth and fifth issues. (6)
 

V. 

 By his sixth issue, appellant contends the trial court erred in denying his motion to
suppress because the State failed to prove probable cause and consent. (7) 

 The appropriate standard for reviewing a trial court's ruling on a motion to suppress
is a bifurcated standard of review, giving almost total deference to a trial court's
determination of historical facts and reviewing de novo the court's application of the law. 
Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997). The trial court is the sole fact finder at a hearing
on a motion to suppress evidence and may choose to believe or disbelieve any or all of the
witnesses' testimony. Johnson v. State, 803 S.W.2d 272, 287 (Tex. Crim. App. 1990). 
Because the trial court did not make explicit findings of fact, we will review the evidence
in the light most favorable to the trial court's ruling and assume that the trial court made
implicit findings of fact that support its ruling, as long as those findings are supported by
the record. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

 In determining whether a trial court's decision is supported by the record, we
generally consider only evidence adduced at the suppression hearing. Rachal v. State,
917 S.W.2d 799, 809 (Tex. Crim. App. 1996); see, e.g., Hardesty v. State, 667 S.W.2d
130, 134 n.6 (Tex. Crim. App. 1984). However, this general rule is inapplicable where, as
in this case, the suppression issue has been consensually re-litigated by the parties during
the trial on the merits. Rachal, 917 S.W.2d at 809. Accordingly, we may properly consider
Officer Olivarez's trial testimony in our review of the trial court's suppression determination. 
See id. The initial burden of proof on a motion to suppress evidence on the basis of a fourth
amendment violation rests with the defendant. (8)
 Russell v. State, 717 S.W.2d 7, 9 (Tex.
Crim. App. 1986). The defendant meets this burden by demonstrating that the search
occurred without a warrant. Id. Thereafter, the burden shifts to the State to prove the
reasonableness of the warrantless search. Id. The burden may be met by showing that
one of the statutory exceptions to the warrant requirement is met. 

 The automobile exception permits officers to conduct a warrantless search of a
motor vehicle if the officer has probable cause to believe that the vehicle contains evidence
of a crime. Chambers v. Maroney, 399 U.S. 42, 48-49 (1970); Powell v. State, 898 S.W.2d
821, 827 (Tex. Crim. App.1994). A warrantless search of an automobile based on probable
cause is justified under the United States and Texas Constitutions because an automobile
can be quickly moved out of the jurisdiction making obtaining a warrant impractical. See
Scott v. State, 531 S.W.2d 825, 827 (Tex. Crim. App.1976). Where there is probable cause
to search a vehicle, exigent circumstances to justify a warrantless search are not required. 
State v. Guzman, 959 S.W.2d 631, 634 (Tex. Crim. App.1998).

 Probable cause for a search exists when reasonably trustworthy facts and
circumstances within the knowledge of the officer would lead a person of reasonable
caution and prudence to believe that the instrumentality of a crime or evidence pertaining
to a crime will be found. McNairy v. State, 835 S.W.2d 101, 106 (Tex. Crim. App.1991). 
If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search
of every part of the vehicle and its contents that may conceal the object of the search. 
United States v. Ross, 456 U.S. 798, 825 (1982). We apply the "totality of the
circumstances" test for determining probable cause for a warrantless search. Kothe v.
State, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004) (citing Florida v. Royer, 460 U.S. 491,
500 (1983)); see Terry v. Ohio, 392 U.S. 1, 19-21 (1868) (articulating Fourth Amendment
"reasonableness" analysis for traffic stop investigation). 

 We have examined the information that the trial court considered in upholding the
presence of probable cause under the "totality of the circumstances" approach. See
Kothe, 152 S.W.3d at 63. We find that the testimony provided by Officer Olivarez that he
stopped appellant after being informed by Sims that appellant had pulled a gun on him on
licensed premises constitutes sufficient probable cause to search appellant. McNairy, 835
S.W.2d at 106 ; Ross v. State, 486 S.W.2d 327, 328 (Tex. Crim. App. 1972). By upholding
the trial court's denial of appellant's motion to suppress on this basis, we need not reach
appellant's contentions regarding consent. See Estrada v. State, 154 S.W.3d 604, 607
(Tex. Crim. App. 2005). Appellant's sixth issue is overruled.

VI.


 By his eighth issue, appellant contends the trial court abused its discretion in
denying his motion for new trial which was based on the contention that the evidence was
factually insufficient to reject his "traveling" defense. Appellant is essentially re-urging his
first issue on appeal. Given our disposition of appellant's first issue, we conclude the trial
court did not abuse its discretion in denying appellant's motion for new trial. Appellant's
eighth issue is overruled.

 The judgment of the trial court is affirmed. 



 _________________________

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 22nd day of November, 2006.
1. A person commits the offense of unlawfully carrying a weapon if he intentionally, knowingly, or recklessly
carries on or about his person a handgun. See Tex. Pen. Code. Ann. § 46.02(a) (Vernon 2003).
2. If evidence is introduced from any source which raises an issue on a defensive theory, the theory must, upon
proper request, be included in the court's charge. Birch v. State, 948 S.W.2d 880, 884 (Tex. App.-San
Antonio 1997, no pet.). A defendant is entitled to a charge on every issue raised by the evidence, whether
it be strong, weak, unimpeached, or contradicted. Muniz v. State, 851 S.W.2d 238, 254 (Tex. Crim. App.
1993); Lugo v. State, 667 S.W.2d 144, 146 (Tex. Crim. App. 1984); Birch, 948 S.W.2d at 884. 
3. Specifically, the State notes that at the time he was stopped, appellant's vehicle did not contain any personal
items besides the handgun.
4. We note that the motions filed by appellant were not signed or sworn to and failed to include evidence. See
McKaskle v. Wiggins, 465 U.S. 168, 181-84 (1984)(stating that Faretta rights are not infringed when standby
counsel assists the defendant in overcoming routine procedural or evidentiary obstacles to the completion of
a specific task, such as introducing evidence, objecting to testimony, or merely helping to ensure the
defendant's compliance with the basic rules of protocol and procedure). 

5. A defendant may waive his right to represent himself once it has been asserted. See Funderburg v. State,
717 S.W.2d 637, 642 (Tex. Crim. App. 1986). Waiver of the request for self-representation may be found if
it reasonably appears to the court that a defendant has abandoned his initial request to represent himself. 
See id. 
6. Given our disposition of appellant's fourth issue as it relates to the motion to dismiss, we also overrule
appellant's seventh issue in which he contends the trial court erred in denying his motion to dismiss. In any
event, we note that appellant's motion lacks merit because appellant filed his motion to dismiss pursuant to
article 32.01 after the indictment had been returned. A motion based upon article 32.01 has no effect if it is
presented after indictment. See State v. McCoy, 94 S.W.3d 296, 300-01 (Tex. App.-Corpus Christi 2002, no
pet.); State v. Williams, 90 S.W.3d 913, 917-18 (Tex. App.-Corpus Christi 2002, no pet.).

7. Appellant claims that the trial court denied his motion at the November 19, 2004 pre-trial hearing. However,
as noted in discussion of issues four and five, the trial court did not deny appellant's motion to suppress at
the November 19 hearing. Instead, the trial court heard and denied appellant's motion to suppress during trial.

8. Appellant does not assert that article I, section 9 of the Texas Constitution provides greater protection than
the fourth amendment of the United States Constitution, or provide any basis for so construing it. See U.S.
Const. amend. IV; Tex. Const. art. I, § 9.